RECEIVED
IN ALEXANDRIA, LA.
SEP 24 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM O. SCALLION | CIVIL ACTION NO. 08-2001 |
| VERSUS | JUDGE TRIMBLE |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, ET AL | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Before the court is a motion for summary judgment[1] filed by defendant Hartford Life and Accident Insurance Company ("Hartford") which seeks dismissal of plaintiff's claims against it on the basis that no genuine issue of material fact remains concerning plaintiff's entitlement to accidental death and dismemberment benefits under the insurance policy[2] plaintiff purchased through City Bank & Trust Company ("City Bank") and administered by Hartford. For the reasons expressed herein below, the court finds that Hartford's motion for summary judgment should be GRANTED and, accordingly, all claims by plaintiff against Hartford arising out of the City Bank policy should be DISMISSED with prejudice.

## BACKGROUND

### Relevant Facts

Plaintiff suffered a laceration to his left cornea on November 13, 2007 while vacationing in Vicksburg, Mississippi. Plaintiff was taken to the emergency room in Vicksburg and later transferred to University Hospital in Jackson, Mississippi. While at University Hospital, plaintiff underwent surgery to suture his laceration. Plaintiff remained in the hospital for three days following his injury and was discharged on November 16, 2007. On or about December 6, 2007,

---

[1] R. 52.
[2] Policy No. ADD-10900.

1

plaintiff submitted a claim under two accidental death and dismemberment policies: one issued by defendant Hartford through the AFL-CIO and another issued by Hartford through former defendant City Bank.[3] Plaintiff's claim against the City Bank policy asserts that his injury resulted in the permanent and irrevocable loss of vision in his left eye. Along with his claim form, plaintiff also submitted his discharge paperwork from University Hospital, a detailed bill of hospital charges and an Attending Physician Statement ("APS") completed by Dr. Niles Mungan, his treating physician at University Hospital.[4]

Hartford denied plaintiff's claim by letter dated February 12, 2008, explaining that the "documentation submitted in support of your claim does not establish that you are eligible for Accidental Dismemberment benefits" because, under the terms of the policy, his vision in his left eye was not irrevocably lost.[5] Hartford further explained that this determination was based on Dr. Mungan's opinion, offered in the APS of December 6, 2007, that plaintiff's sight may improve with further surgery.[6] Hartford's denial letter also informed plaintiff of his right to appeal the denial.[7]

Plaintiff appealed Hartford's denial of benefits by submitting copies of the documents originally provided in his initial claim and, additionally, an Accidental Dismemberment Physician's Statement ("ADPS") completed by Dr. Mungan and dated January 21, 2008.[8] The ADPS submitted with plaintiff's appeal contained a statement by Dr. Mungan that the loss of

---

[3] The motion now before this court pertains only to the City Bank policy. City Bank was voluntarily dismissed from this suit by judgment of partial dismissal dated April 21, 2009 (R. 25).
[4] Administrative Record (R. 26-2) at Bates Nos. 000046-000051, 000058-00006.
[5] Id. at Bates Nos. 000034-000036.
[6] Id.
[7] Id.
[8] Id. at Bates No. 000033.

2

plaintiff's sight in his left eye was "entire and irrevocable."[9] On April 17, 2008, Hartford sent a request for clarification to Dr. Mungan, which read in part as follows.

> Enclosed is a copy of the Attending Physician Statement completed by you dated 12/6/07. You indicate that Mr. Scallion's loss of vision in his left eye is "NOT IRRECOVERABLE." You indicate that his sight "might be improved with further surgery."
>
> Also enclosed is a copy of your office notes from 1/21/08. You indicate that Mr. Scallion's vision in his left eye is permanent, irreparable loss of all vision.
>
> Please answer the following questions:
>
> 1. Please indicate best corrected visual acuity, Left Eye: _____
> 2. Is this loss of sight (due to injury) irrecoverable? _____ [10]

Dr. Mungan completed the form and expressed that his prior statement on the ADPS that plaintiff's loss of sight is irrecoverable "must have been an error."[11] Dr. Mungan's response also answered Hartford's posed questions as follows:

> 1. Please indicate best corrected visual acuity, Left Eye? <u>Light perception</u>
> 2. Is this loss of sight (due to injury) irrecoverable? <u>No, it might be improved with further surgery.</u>[12]

By letter dated July 9, 2008, Hartford informed plaintiff that his appeal was denied and that its prior determination as to his eligibility for benefits would stand.[13]

Plaintiff filed the above captioned suit in November of 2008 in the Tenth Judicial District Court for the Parish of Natchitoches, State of Louisiana.[14] Plaintiff's state court petition prayed

---

[9] Id.
[10] Id. at Bates No. 000032.
[11] Id.
[12] Id.
[13] Id. at Bates No. 000008-000009.
[14] R. 1-1.

for compensatory damages, statutory penalties, costs, attorney fees and other just reliefs. This suit was timely removed by Hartford in December of 2008.

Plaintiff filed a motion to remand on the basis that this court lacked subject matter jurisdiction, supplemental jurisdiction and/or diversity jurisdiction. This motion was denied by order dated February 12, 2009, wherein the court found that City Bank and Trust Company was improperly joined and should be dismissed from suit and, additionally, that the AFL-CIO policy was governed by ERISA and, therefore, this court had jurisdiction over the claims regarding both policies.[15] Thereafter, City Bank and Trust Company was voluntarily dismissed from this suit.[16] Plaintiff reserved all rights concerning his claim on the City Bank policy against Hartford.[17]

Hartford filed a motion for summary judgment as to the AFL-CIO plan on the issue of discretionary authority[18] and another motion for summary judgment on the issue of abuse of discretion[19] as plan administrator and the issue of ERISA preemption of Louisiana law claims. Plaintiff filed a motion for summary judgment on the issue of abuse of discretion.[20] Hartford filed a motion in limine seeking to prevent certain medical records filed by plaintiff from being considered by this court on the basis that these documents were not a part of the administrative record before Hartford during its benefits determination in this case.[21] By memorandum ruling and judgment dated July 31, 2009, this court granted defendant's motion in limine and motions for summary judgment and denied plaintiff's motion for summary judgment.[22]

---

[15] R. 13.
[16] R. 25.
[17] Id.
[18] R. 27.
[19] R. 32.
[20] R. 28.
[21] R. 47.
[22] R. 54, 55.

Defendant's instant motion seeks summary judgment as to the remaining claims by plaintiff pertaining to the City Bank policy purchased by plaintiff and administered by Hartford.

**Applicable Standard**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[23]

A material fact is one which, given its resolution in favor of one party or another, might affect the outcome of the suit under applicable law.[24] An issue is considered "genuine" when the evidence leaves open the possibility that a rational trier of fact might still return judgment in favor of the nonmoving party.[25]

Once the moving party has carried its burden of showing an absence of evidence to support the non-moving party's case, the burden shifts to the non-moving party to come forward with specific facts showing a genuine factual issue for trial.[26] "Conclusory denials, improbable inferences, and legalistic argumentation" are not an adequate substitute for specific facts showing that a genuine issue of material fact remains to be tried.[27] Evidence presented, whether in support of or in opposition to a motion for summary judgment, must be of such character that it would be admissible at trial.[28] Where both parties have presented contradictory evidence, the

---

[23] Fed. R. Civ. P. Art. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); American Home Assurance Co. v. United Space Alliance, 378 F.3d 482, 486 (5th Cir. 2004).
[24] Anderson, supra, at 248.
[25] Hamilton v. Segue Software, Inc., 232 F.3d 473, 477 (5th cir. 2000), citing Anderson, supra, at 248.
[26] Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).
[27] SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993).
[28] Fed. R. Civ. P. Art 43(a); Roucher v. Traders & General Ins. Co., 235 F.2d 423 (5th Cir. 1956).

court will resolve all such controversy in favor of the non-moving party, viewing the facts and evidence in the light most favorable thereto. General averments will not suffice, however, in place of specific factual proofs, as the court will not assume the existence of any material fact issue not pled by the non-moving party.

If the moving party fails to demonstrate the absence of material fact questions or if the non-moving party succeeds in demonstrating the existence of such fact questions, the motion for summary judgment must be denied.

## ANALYSIS

Hartford's motion asserts that no genuine issue of material fact remains that its denial of accidental death and dismemberment benefits under the City Bank policy was proper in this case. Hartford argues that, while the City Bank policy is not governed by ERISA, portions of this court's prior ruling apply to the City Bank policy, making summary judgment in its favor appropriate at this time. The court agrees.

As discussed in our prior ruling, Fairley v. Prudential Ins. Co. of America,[29] persuades us that Hartford's denial of accidental death and dismemberment benefits in this case was not error. In Fairley, the court considered policy language providing benefits only if there was "total and irrevocable loss of sight."[30] Citing opinions from numerous district and appellate courts, the court noted that "[t]he majority of courts have held that this language is unambiguous and that a loss of sight is not irrevocable if it is capable of being recovered by surgery or other artificial means."[31] The language of the City Bank policy now before this court is nearly identical to that at issue in Fairley, describing benefits payable only for the "entire and irrecoverable loss" of

---

[29] 40 F.3d 385 (5th Cir. 1994).
[30] Fairley, 40 F.3d at *3.
[31] Id.

sight.[32] As expressed in our prior ruling, this court concurs with the Fifth Circuit and the majority of other district and circuit courts and finds that plaintiff has not demonstrated that his loss of sight in his left eye is "entire and irrecoverable" within the meaning of the City Bank policy at issue.

We are reinforced in this finding by the deposition testimony of Dr. Mungan that, at the time he treated plaintiff, he considered him a viable candidate for corneal transplant and attendant lens transplant surgery.[33] Dr. Mungan also testified that he had no reason to believe, at the time he treated plaintiff, that such treatments would not be successful.[34] Thus, Dr. Mungan's opinion that plaintiff's condition, at the time of his claim for benefits, could improve with further treatment was not an abstract conclusion, but one based on the particular facts of this case.

Plaintiff argues that the term "loss" is not defined in Hartford's policy and that, as such, any ambiguity should be resolved in plaintiff's favor.[35] "Loss" is defined in the policy, as admitted in plaintiff's own brief and discussed above. Moreover, as stated above, we do not find that ambiguity exists with respect to this provision under applicable jurisprudence.

Accordingly, we find that no genuine issue of material fact exists which, if resolved in plaintiff's favor, would entitle him to accidental death and dismemberment benefits under the City Bank policy at issue in this case. Although the parties do not dispute that plaintiff was covered by the policy at issue, Hartford argues and we agree that plaintiff's loss of sight was not "entire and irrecoverable" as required for payment of benefits under the same. We find, therefore, that Hartford's denial of benefits based on the documentation submitted by plaintiff, including the stated medical opinion of plaintiff's treating physician, was proper under the facts

---

[32] Administrative Record at Bates No. 000194.
[33] Deposition of Dr. Mungan at 48:22-49:22 (Exhibit 1 to Hartford's motion) (R. 52-3).
[34] Id. at 49:3-8.
[35] R. 56 at Sec. 3 (pages of brief are unnumbered).

including the stated medical opinion of plaintiff's treating physician, was proper under the facts of this case. Defendant Hartford is, therefore, entitled to summary judgment in its favor and to a dismissal of all claims by plaintiff against it arising out of the City Bank policy.

The court will issue a judgment in conformity with these findings.

**Alexandria, Louisiana**
**September 24, 2009**

                                  */s/ James T. Trimble, Jr.*
                                  JAMES T. TRIMBLE, JR.
                                  UNITED STATES DISTRICT JUDGE